# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Fred Anthony Aragon, | Case No. 2:23-cv-00897-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Wendy Black; Coyote Corner, Inc.; Jennifer Aragon, | |
| Defendants. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF Nos. 1, 5). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted, it dismisses his complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF Nos. 1, 5). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A.   The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff sues three Defendants: (1) Coyote Corner, Inc., his former employer; (2) Wendy Black,[1] his ex-mother-in-law and owner of Coyote Corner; and (3) Jennifer Aragon, his ex-wife and manager of Coyote Corner.  Plaintiff brings two causes of action: (1) racial discrimination; and (2) defamation.

In support of his first cause of action, Plaintiff alleges that on April 20, 2016, he was arrested because Aragon falsely pressed domestic violence charges against him.  On April 24, 2016, Wendy terminated Plaintiff's employment because of the charge.  Aragon later recanted her claim that Plaintiff had attacked her, and the charges were dropped.  But Wendy did not re-hire Plaintiff.  Plaintiff was also staying at a home owned by Wendy and alleges that, after the false domestic violence incident, Wendy raised his rent.  Plaintiff alleges that Aragon and her sister—Michelle Black—told him that Wendy raised his rent because he is Hispanic.

In support of his second cause of action, Plaintiff alleges that Aragon was gone from work for a few weeks in December of 2016.  Plaintiff's coworker, Tina McCarthy, asked Wendy where Aragon had been.  Wendy responded that "Jenny is recovering from a violent beating from Fred Aragon!  All wetbacks are woman beaters!"  But Plaintiff alleges that Aragon was really staying with Wendy while recovering from withdrawals, so Wendy knew that Plaintiff had not assaulted Aragon.

---

[1] Because Plaintiff refences both Wendy and Michelle Black in his complaint, the Court refers to these parties by their first names.

                1.      <u>Racial discrimination.</u>

Plaintiff does not provide the statute under which he brings his discrimination claim. However, it appears that he is seeking to assert discrimination under Title VII and under the Fair Housing Act. But the statute of limitations has run for Plaintiff to bring a claim under the Fair Housing Act. And Plaintiff has not demonstrated that he has exhausted his administrative remedies to bring a Title VII claim.

The Fair Housing Act provides that a plaintiff must file suit within two years after "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Plaintiff's complaint appears to allege that Wendy raised his rent in 2016, meaning that the statute of limitations for that action would have run in 2018.[2] Because Plaintiff did not file his application to proceed *in forma pauperis* until 2023, his Fair Housing Act claim is time barred. To the extent Plaintiff is alleging a Fair Housing Act claim, the Court dismisses it. Because Plaintiff could potentially allege facts that would toll the statute of limitations, the Court dismisses this claim without prejudice.

Before filing employment discrimination claims in federal court pursuant to Title VII, plaintiffs must exhaust their administrative remedies by a filing charge of discrimination. *See Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010) ("Title VII and the EEOC's implementing regulations set forth specific administrative procedures that a complainant must first exhaust before gaining access to the federal courts on a discrimination complaint."). The purpose of filing a charge prior to initiating a lawsuit is to give the charged employer notice of the claim, provide an agency with notice and an opportunity to investigate the charge, and narrow the issues for prompt adjudication and decision. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002).

---

[2] Plaintiff does not alleges that Wendy continued to raise his rent. However, if he did, he may overcome the statute of limitations under the continuing violation doctrine. *See Silver State Fair Housing Council, Inc. v. ERGS, Inc.*, 362 F.Supp.2d 1218, 1221 (D. Nev. 2005). Under that doctrine, a plaintiff's complaint will not be time-barred if the defendant's related wrongful acts continue into the statute of limitations time frame. *Id.* The statute of limitations only begins to run upon the last act in a series of related wrongful acts. *Id.*

A charge of discrimination is filed with the federal Equal Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC"). *See* 29 C.F.R. § 1601.74(a). Once an employee files a charge with the NERC or EEOC, one of the agencies investigates the allegations, attempts to reach a settlement, and decides whether to sue the employer or refer the decision to sue to the Attorney General if the charge is against a state or local governmental entity. 42 U.S.C. § 2000e-5. If the agency decides not to sue, and if there is no settlement that is satisfactory to the employee, the EEOC will issue the employee a right to sue letter and the plaintiff will have exhausted his administrative remedies. *Id.* An employee may only sue the employer for a Title VII violation after he has received a right to sue letter. *Id.*; *see also Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 825 (1990).

To file a Title VII claim with the EEOC, the complaint must be filed within 180 days after the discriminatory act. 42 U.S.C. § 2000e-5(e). "However, if the aggrieved person has instituted proceedings with a state or local agency with authority to grant or seek relief from such practices, complainants are allowed 300 days to file with the EEOC." *Bouman v. Block*, 940 F.2d 1211, 1219 (9th Cir. 1991). A Plaintiff's failure to allege that he properly filed a complaint with the EEOC within 300 days after the alleged unlawful practice occurred shows that the court does not have jurisdiction over the discrimination claims. *Jones v. Sage Client 327 LLC*, No. cv-12-637-TUC-RCC, 2012 WL 13104896, at *2 (D. Ariz. Sept. 20, 2012).

Here, Plaintiff does not allege that he has filed a charge with the EEOC and received a right to sue letter. Nor does he attach a right to sue letter. Because Plaintiff was terminated in 2016, it appears that his Title VII claim has serious statute of limitation issues as well. To the extent Plaintiff is alleging a Title VII claim, the Court dismisses it. Because Plaintiff could potentially amend his complaint to show that he timely exhausted his administrative remedies and timely brought his complaint, the Court dismisses it without prejudice.

        2.      <u>Defamation.</u>

Plaintiff's defamation claim is also time barred. Nevada applies a two-year statute of limitations to defamation claims. Nev. Rev. Stat. § 11.190(4)(c). Plaintiff alleges that Wendy made defamatory statements about him in December of 2016. The statute of limitations on

Plaintiff's defamation claim thus ran in December of 2018. Because Plaintiff could potentially amend his complaint to allege that the statute of limitations should be tolled, the Court dismisses this claim without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **January 10, 2024** to file an amended complaint if the noted deficiencies can be addressed. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged

DATED: December 11, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE